UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MAZASKA OWECASO OTIPI FINANCIAL, INC., a South Dakota Nonprofit Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LILLIAN "TONI" MONTILEAUX,<br><br>　　　　　Defendant;<br><br>IN THE MATTER OF MONTILEAUX v. MAZASKA BROUGHT IN OGLALA SIOUX TRIBE TRIBAL COURT. | CIV. NO.　25-5013<br><br>**COMPLAINT AND PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. § 1331 AND 12 U.S.C. § 2614**<br><br>**AND**<br><br>**FOR INJUNCTION OF FURTHER ADJUDICATION BY TRIBAL COURT** |

COMES NOW Plaintiff, Mazaska Owecaso Opiti Financial ("Mazaska") with its complaint for removal to federal court and its request for an immediate injunction enjoining further litigation in the Tribal Court until such time as the merits may be heard and decided, and claims and alleges as follows:

**NATURE OF THE ACTION**

1.　This is an action to remove litigation initiated in the Oglala Sioux Tribal Court to federal court after exhausting relief and remedy with the tribal court judicial system because the tribal court does not have subject matter jurisdiction.

2.　Mazaska has asserted the tribal court does not have subject matter

1

jurisdiction to hear the case as brought and allegations therein presented within the Oglala Sioux Tribal Court, Oglala Sioux Tribe, Pine Ridge Indian Reservation by Lillian "Toni" Montileaux.

3.     The tribal court case is more specifically styled as, *Lillian "Toni" Montileaux v. Mazaska Owecaso Otipi Financial, Inc.,* case no. 21-388, brought in the Oglala Sioux Tribal Court, Oglala Sioux Tribe, Pine Ridge Indian Reservation.

4.     Specifically, the Plaintiff therein, Lillian "Toni" Montileaux ("Montileaux") sought relief which is subject to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.§ 2601 *et seq*. A true and correct copy of the tribal court complaint and mortgage instruments are attached hereto as Exhibit 1 at 1 and 52.

5.     As a result of the mortgage being subject to the RESPA, the tribal court does not have subject matter jurisdiction to hear the complaint or provide relief thereunder.

6.     In addition, because the tribal court lacks jurisdiction to resolve the dispute arising under the RESPA Mazaska seeks a temporary restraining order enjoining further litigation in the tribal court until the merits have been heard in this Court. This court's authority to issue such an order is well established.

7.     Plaintiff herein, Respondent in tribal court, has exhausted its remedies within the Oglala Sioux Tribal Court, Oglala Sioux Tribe, Pine Ridge Indian Reservation.

**THE PARTIES**

8.     Mazaska is a South Dakota corporation registered within the State of South Dakota.

9.     Mazaska is not a member of any Indian Tribe.

10. Upon information belief, Lillian Montileaux, a.k.a. Toni Montileaux, is a registered member of the Oglala Sioux Tribe and resides on the Pine Ridge Indian Reservation which is located within the State of South Dakota and is a resident of the State of South Dakota.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because of this action asserts that the Oglala Sioux Tribal Court lacks jurisdiction to entertain the matters placed before it by Montileaux.

12. In addition, this Court has subject matter jurisdiction pursuant to 12 U.S.C. §§ 2609 and 2614. The scope of tribal court jurisdiction is a matter of federal law. Moreover, Mazaska's provision of money transactions as a creditor on the reservation are related to programs administered by the United States Department of Treasury, 12 C.F.R. § 1024.2, and the RESPA.

13. Venue is proper in this district pursuant to 12 USC § 2614. Venue is also proper in this district pursuit to 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in this District.

14. Removal jurisdiction is proper pursuant to 28 U.S.C. § 1331.

15. Removal jurisdiction is also proper pursuant to 12 U.S.C. § 2614.

## PROCEDURAL BACKGROUND

16. On or about December 3, 2021, Montileaux commenced a lawsuit against Mazaska in the Oglala Sioux Tribal Court ("Tribal Court").

17. Montileaux raised claims asserting violations of the Real Estate Settlement Procedures Act ("RESPA").

18. Following initial responses on the pleadings Mazaska moved the Tribal Court to dismiss for lack of subject matter jurisdiction in April 2022.

19. A hearing before the Tribal Court trial judge was held in May 2022. The trial court ultimately denied Mazaska's motion, which memorandum opinion is attached hereto as Exhibit 2.

20. Appeal was timely, taken, and all briefing completed by November 2022. The Appeal Record in its entirety is attached hereto as Exhibit 3.

21. On about April 19, 2024, the Ogalala Sioux Nation Supreme Court permitted the Oglala Sioux Tribe to file an *amicus* brief. Mazaska was permitted to and did respond.

22. Oral argument was finally heard by the Supreme Court of the Ogalala Sioux Nation on May 14, 2024.

23. Oral argument was conducted via videoconference technology utilizing "Zoom." The proceeding was recorded. Upon information and belief, the recorded proceeding as provided to the Clerk of the Oglala Sioux Nation Supreme Court.

24. Toward the end of the proceeding, the Supreme Court requested post-argument briefing from the Parties and the Amicus. The deadline of the filings was May 21, 2024, and the filings were to be simultaneous. No responses were permitted. Mazaska objected to subsequent additional filings by the Amicus.

25. Mazaska filed its post argument brief on or about May 21, 2024; no other post argument briefings were served or filed on or before May 21, 2024. The Tribe as *amicus* filed its post-argument brief on or about May 29, 2024, over further objection by

Mazaska, and which responded directly to Mazaska's post-argument, in violation of the direction of the Oglala Sioux Tribe Supreme Court.

26. The Oglala Tribe Supreme Court erroneously determined the Tribal Court has subject matter jurisdiction over the underlying complaint. Its decision is attached hereto as Exhibit 5.

## FACTUAL BACKGROUND

27. Mazaska is a lender to tribal members of the Ogalala Sioux Tribe.

28. Its programs are administered by the United States Department of Treasury pursuant to federal law.

29. It receives monies from the Department of the Treasury and provides grants to tribal members to improve their quality of living and their homes. These loans are secured by fee land mortgages or leasehold mortgages of tribal trust land.

30. The mortgages are federally related as defined by federal law and regulation. As such, the Real Estate Settlement Procedures Act "RESPA" is the binding authority and beginning point for relief.

31. Upon information and belief, there are no other lenders on Pine Ridge Indian Reservation ("PRIR").

32. Montileaux is a borrower within the programs administered by Mazaska.

33. Upon information and belief, Montileaux is a tribal member of the Oglala Sioux Tribe, which qualifies her, at least in part, to receive loans from Mazaska.

34. Between 2010 and 2011 Mazaska entered financial transactions where it loaned federal monies to Montileaux. Montileaux issued a promissory note and secured

5

that note with a leasehold mortgage of tribal trust land. Exhibit 1. Mazaska has not initiated any claim of foreclosure under the mortgage and note.

35. The mortgage provides uniform covenants and non-uniform covenants. Within the uniform covenants, the mortgage directly in invokes the real estate settlement procedures act (RESPA), 12 USC § 2601, et seq.

36. Montileaux received a federally related mortgage loan under 12 CFR § 1024.2.

37. Montileaux directly alleged statutory violations of the RESPA attempting to evoke a private cause of action and relief under the RESPA.

38. RESPA does not a provide for a private cause of action but to the extent it does, violations are the subject matter of the federal court in this instance.

39. Specifically, Montileaux seeks and has made demands only under RESPA. But for invoking the RESPA, the mortgage would not afford any other avenue of relief under Montileaux's complaint.

40. Montileaux has not raised any claims which can be adjudicated within tribal jurisdiction.

41. The Ogalala Sioux Tribe is not a party to this action.

## COUNT 1
### REMOVAL IS PROPER BECAUSE THE TRIBAL COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

42. Mazaska realleges and incorporates by reference the allegation set forth in paragraphs 1 through 41.

43. The Oglala Sioux Tribal Court does not have subject matter jurisdiction over

federally related loans in this case.

44. As such, this case warrants removal to federal court, pursuant to 12 U.S.C. §§ 2609 and 2614 and is proper because the complaint seeks relief only and solely under federal statute.

45. The underlying complaint specifically alleged:

> 53. The Respondent has breached its contractual obligations by failing and refusing to properly account for the escrow funds as required by Section 2 of the Third Mortgage, unilaterally extending the maturity date as delineated in the Third Note, and not applying Petitioner's payments in accordance with the Third Mortgage.

Exhibit 1 at 8.

46. Section 2 is one of the "Uniform Covenants" (Exhibit 1 at 53) and incorporates the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, specifically 12 U.S.C. § 2609.

47. Section 2 of the Uniform Covenants specifically states, in part:

> **2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay ot Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for:
>
> (a) yearly taxes and assessments which may attain priority over thei Secuirty Instrument as a lien on the Property, if any;
> (b) yearly leasehold payments or ground rents on the Property, if any;
> (c) yearly hazard or property insurance premiums;
> (d) yearly flood insurance premiums, if any;
> (e) yearly mortgage insurance permiums, if any; and
> (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in liu of the payment of mortgage insurance premiums.
>
> These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amoutn a Lender for a federally related mortgage loan may require for

>Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. [§] 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount. Lender may estimate the amount of the Funds due on the basis of current data and reaosnable estimates of expedirutes of furture Excrow items or otherwise in accordance with applicable law.

Exhibit 1 at 53.

48. The Mortgage is in substance a leasehold mortgage.

49. Montileaux challenged the Mortgage under RESPA, meaning this is not a foreclosure action by the Lender or Mortgagee as contemplated in 25 U.S.C. § 5135.

50. Mazaska will be harmed should the Oglala Sioux Tribe exercise adjudicative or regulatory authority without legal basis to do so.

**COUNT 2**
**INJUNCTION PRECLUDING ADJUDICATION IN TRIBAL COURT**

51. Mazaska realleges and incorporates by reference the allegation set forth in paragraphs 1 through 50.

52. Pursuant to Federal Rule of Civil Procedure Rule 65, Mazaska, seeks an injunction to enjoin the case from proceeding within the Oglala Sioux Nation Tribal Court.

53. Mazaska gave a federally related mortgage loan to Montileaux, through a program which is administered by the Department of Treasury and governed by 24 CFR § 1024.2.

54. Montileaux executed a security instrument subject to the RESPA.

55. The claims brought in tribal court by Montileaux find relief only under the federal statute, namely 12 U.S.C. § 2601, *et seq*, and the relevant federal regulations, 24

8

C.F.R. Part X.

56. There are no Oglala Sioux Tribe laws, code, or ordinances that create a cause of action in Tribal Court for a violation of the RESPA.

57. There are no state laws in the state of South Dakota making a violation of the RESPA a cause of action in state court.

58. Subject matter jurisdiction is proper in the Federal District Court of the District of South Dakota. Until such time as the Court can hear the merits of the complaint for removal to federal court the tribal court must be enjoined from further adjudication.

59. If the proceedings in the Tribal Court are not enjoined, Mazaska will be irreparably harmed by losing its bargained for right to obtain relief subject to federal jurisdiction on matters related to federally related (lease)mortgages.

**MAZASKA DEMANDS A TRIAL BY JURY ON ISSUES TRIABLE TO A JURY**

WHEREFORE Plaintiff prays this Court for its order:

    A.    Enjoining further Tribal Court adjudication until such time as the complaint can be heard;

    B.    Declaring the subject matter is proper in federal court;

    C.    Granting removal to Federal Court to 28 U.S.C. § 1331 to hear all matters from the case;

    D.    Awarding Mazaska its costs;

E.      Granting any further or additional relief in favor of Mazaska as the Court may find just or equitable.

Dated this 14th day of February 2025.

                            **COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP**

                            By: /s/ Jonathan P. McCoy
                                Jonathan P. McCoy
                                PO Box 290
                                Rapid City, SD  57709
                                605-343-2410
                                jmccoy@costelloporter.com
                                *Attorney for the Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mazaska Owecaso Otipi Financial, Inc., a South Dakota Nonprofit Corporation

## DEFENDANTS
Lillian Montileaux

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Shannon County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Costello Porter Law Firm, Attn: Jonathan P. McCoy
704 Saint Street, Rapid City, SD 57701
605.343.2410

Attorneys *(If Known)*
Steven D. Sandven
12294 Gold Mountain Loop, Hill City, SD 57745
sdsandven@gmail.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [X] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [X] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1331, 12 U.S.C. 2614
Brief description of cause:
Claims brought by Dfd in Tribal Court under Real Estate Settlement Procedures Act; tribal exhaustion met

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** _____
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 2/14/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jonathan P. McCoy

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____